712 P.2d 1369

**NATIONAL COUNCIL ON COMPENSATION INSURANCE, Petitioner,**

v.

**NEW MEXICO STATE CORPORATION COMMISSION, and members thereof purporting to act as the State Insurance Board, and the Superintendent of Insurance, Vicente Jasso, Respondents.**

**No. 16200.**

Supreme Court of New Mexico.

Jan. 21, 1986.

Rodey, Dickason, Sloan, Akin & Robb, Victor R. Marshall, Rex Throckmorton, Richard Minzner, Albuquerque, for petitioner.

Paul Bardacke, Atty. Gen., Christopher Carlsen, Asst. Atty. Gen., Santa Fe, for Respondents.

OPINION

WALTERS, Justice.

Objecting to a December 23, 1985, order of the New Mexico State Corporation Commission (purportedly acting as the insurance board) which canceled increased workmen's compensation insurance rates pursuant to a filing made by the National Council on Compensation Insurance on October 17, 1985, the Council petitioned this Court

on December 30, 1985, for Writs of Emergency Relief, Mandamus and Certiorari.

The Council protests the cancellation on the ground that the Commission failed to follow the statutory procedure established in Article 17 of the Insurance Code, NMSA 1978, ch. 59A (Orig.Pamp.1984), for disapproving rate changes which otherwise would become effective 15 days after filing by the insurer, by operation of Section 59A–17–10. The Council concedes that Section 59A–17–35 of the Code provides for appeals from orders of the insurance board made "under Section 66 of the Insurance Code * * * to the district court of Santa Fe County in the same manner as provided for taking of appeals in other civil actions." But it contends that because the legislature did not enact a "Section 66," providing in 1984 N.M. Laws, ch. 127, that Section 66 was "reserved," there is no Section 66 order to be appealed by the procedure provided in Section 59A–17–35; and that in the absence of such an identifiable order, its only recourse is to this Court.

It is pertinent to our discussion to note that in the voluminous 420-page Insurance Code contained in Volume 8 of our New Mexico Statutes, only two references to Section 66 appear, and they are in Sections 59A–17–34 and –35 relating to hearings and appeals under Article 17, which deals with Insurance Rates and Rating. It is the administrative action provided for in Article 17 upon which the Council seeks review. It is equally critical to note that Section 59A–4–20 of the Code provides for an appeal to the Santa Fe district court from all orders under the Code *except* those "arising under Article 17 (insurance rates and rating) of the Insurance Code [this chapter]." The exception of proceedings under Article 17 alone from the review procedure provided in Section 59A–4–20 for the other 52 articles of the Code, and the reference to a "Section 66" appeal in Article 17 only, is some evidence that the legislature considered Article 17 orders to be "Section 66" orders, and that its failure to enact Section 66 to so define those orders was an inadvertent omission.

There is no doubt, from a reading of Section 59A–17–34, that the procedure for review of the superintendent's order by the insurance board was intended to be set out in Section 66 of 1984 N.M. Laws, ch. 127. Following the board's review under Section 59A–17–34, an appeal from its decision to the Santa Fe district court is provided in Section 59A–17–35. Thus, the meaning and intent of these two statutes is not difficult to discern; it is only the procedure of "Section 66" hearings by the insurance board that is missing.

■ We, therefore, liberally construe Section 59A–17–35 which gives the right of appeal, as the rules of statutory construction require us to do. 3 N. Singer, *Sutherland Statutory Construction* § 67.08 (4th ed.1984). As the *Sutherland* treatise points out at Sections 47.36, 47.37, and 47.38, courts may substitute, disregard or eliminate, or insert or add words to a statute, if it is necessary to do so to carry out the legislative intent or to express the clearly manifested meaning of the statute. In the instant case, if "Section 59A–17–34" were substituted for "Section 66" in Section 59A–17–35, the meaning of the legislature as gathered from the context of the Insurance Code would clearly appear. Such a substitution would make Section 59A–17–35's provisions for appeal sensible, and give the section force and effect. *See New Mexico Glycerin Co. v. Gallegos,* 48 N.M. 65, 145 P.2d 995 (1944). If, on the other hand, the words "Section 66" were disregarded or eliminated from Section 59A–17–35, the legislature's intent to allow an appeal from an internal review likewise would be crystal clear. We are aided in so determining its meaning by the additional provisions of Section 59A–17–35 which go on to provide to the appealing party the exact remedies in the district court that were requested of this Court by extraordinary writ. Those provisions must be accorded some vitality if, by statutory construction, the legislative intent may be ascertained.

■ Consequently, when we apply the long-standing rule of determining legislative intent by reading not only isolated parts of the act but all of its parts, provi-

sions, and purposes, *Vaughn v. United Nuclear Corp.*, 98 N.M. 481, 650 P.2d 3 (Ct.App.), *cert. quashed*, 98 N.M. 478, 649 P.2d 1391 (1982), we are persuaded that the legislature intended to provide for an appeal from all determinations made under the Insurance Code, but to provide, not the discretionary de novo or "on the record" appeal of Section 59A–4–20, for rates and rating determinations, but one "in the same manner as provided for taking appeals in other civil actions." § 59A–17–35. Such a construction not only preserves the salutary provision for appeal to an aggrieved party; it also gives effect to the interim statutory powers of the district court pending determination of the appeal, as outlined in subsections (A), (B), and (C) of Section 59A–17–35. Appeal, therefore, and the preliminary remedies sought by the Council, are properly addressed to the Santa Fe District Court.

For the above reasons, the Petition for Writs of Mandamus and Certiorari are denied.

RIORDAN, C.J. SOSA, Senior J., and FEDERICI and STOWERS, JJ., concur.