13 P.3d 470

2000-NMCA-101

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Jack Brian SMITH, Defendant–Appellant.**

No. 20,446.

Court of Appeals of New Mexico.

Oct. 23, 2000.

Patricia A. Madrid, Attorney General, James O. Bell, Assistant Attorney General, Santa Fe, NM,. for Appellee

Phyllis H. Subin, Chief Public Defender, Lisabeth L. Occhialino, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

KENNEDY, Judge.

{1} Defendant Jack Brian Smith pled guilty to possession of a stolen vehicle and was sentenced by the trial court. He appeals the trial court's use of a 1985 South Carolina conviction to enhance his sentence by one year, claiming it was not a valid prior felony conviction that could serve as the basis for enhancing his underlying sentence under the New Mexico Habitual Offender Statute, NMSA 1978, § 31–18–17 (1993). We agree and reverse the one-year enhancement of Defendant's sentence.

## FACTS AND PROCEDURAL HISTORY

{2} Defendant was convicted in 1985 in South Carolina's Court of General Sessions of burglary and larceny. At the time, he was seventeen years old. The burglary was classified by South Carolina as a third degree, class F felony punishable by up to five years' imprisonment and the larceny was a misdemeanor. Defendant was sentenced to the Youthful Offender Division of the South Carolina Department of Corrections for an indefinite period of time up to six years, and this sentence was suspended in lieu of probation. In 1998 Defendant pled guilty in New Mexico to possession of a stolen vehicle. The trial court sentenced him to one year for the habitual offender enhancement and suspended the sentence on the underlying felony. This appeal followed.

## PRESERVATION AND STANDARD OF REVIEW

{3} Defendant preserved his right to appeal the question of whether his 1985 South Carolina conviction was a valid prior felony conviction that could serve as the basis for enhancing his underlying sentence under the New Mexico Habitual Offender Statute in the explicit terms of his plea agreement. *See* Rule 12–216(A) NMRA 2000; *State v. Hodge,* 118 N.M. 410, 414, 882 P.2d 1, 5 (1994)

(acknowledging that a voluntary guilty plea ordinarily waives a defendant's right to appeal on any grounds other than jurisdictional unless a conditional plea agreement reserves the issue for appeal).

{4} Whether Defendant's 1985 South Carolina conviction is an effective prior felony for purposes of sentence enhancement under the New Mexico Habitual Offender Statute is a question of statutory construction, and is therefore a question of law subject to de novo review. *See State v. Adam M.*, 1998–NMCA–014, ¶ 15, 124 N.M. 505, 953 P.2d 40; *State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995).

## DISCUSSION

{5} According to New Mexico's Habitual Offender Statute, a "prior felony conviction" for acts committed outside New Mexico that may be used to enhance a defendant's sentence for subsequent criminal acts committed in New Mexico includes:

> (2) any prior felony for which the person was convicted other than an offense triable by court martial if:
>
>> (a) the conviction was rendered by a court of another state, the United States, a territory of the United States or the commonwealth of Puerto Rico;
>>
>> (b) the offense was punishable, at the time of conviction, by death or a maximum term of imprisonment of more than one year; or
>>
>> (c) the offense would have been classified as a felony in this state at the time of conviction.

{6} We have previously held that Subsection (A)(2) of Section 31–18–17 should be read as though the word "and" was inserted between subparagraphs (a) and (b). *See State v. Harris*, 101 N.M. 12, 19, 677 P.2d 625, 632 (Ct.App.1984).

### Part (b) of New Mexico's Habitual Offender Statute

{7} First, we must determine whether "the offense[s] [were] punishable, at the time of conviction, by death or a maximum term of imprisonment of more than one year ." Section 31–18–17(A)(2)(b).

{8} Defendant was convicted and sentenced in accordance with the provisions of Chapter 19 of South Carolina's 1976 Code of Laws, addressing " 'Correction and Treatment of Youthful Offenders.' " South Carolina defined "youthful offenders" as offenders between the ages of seventeen and twenty-five. Under the Youthful Offender Act, a youthful offender under the age of twenty-one could be sentenced to the custody of the department "for treatment and supervision pursuant to this chapter until discharged by the [Youthful Offender] Division, the period of such custody not to be in excess of six years." S.C.Code Ann., § 24–19–50(c) (1977). Youthful offenders under the age of twenty-one could also be given a suspended sentence like the one Defendant received, or "[i]f the court shall find that the youthful offender will not derive benefit from treatment" he could be given a sentence under any other "applicable penalty provision." S.C.Code Ann., § 24–19–50(d). The purpose of South Carolina's Youthful Offender Act was "to provide treatment and supervision designed to correct the antisocial tendencies of youthful offenders so as to protect the public." *Craft v. State*, 281 S.C. 205, 314 S.E.2d 330, 331 (1984); *see also* S.C.Code Ann., § 24–19–10(e) (1977) (providing identical definition of "treatment" for purposes of Youthful Offender Act). As the South Carolina Supreme Court stated in 1981:

> The legislature has determined that society's interest, the public safety and welfare, is best protected by extending the cloak of the [Youthful Offender] [A]ct to these offenders it deems most likely to profit from the act's rehabilitative purpose.

*State v. Johnson*, 276 S.C. 444, 279 S.E.2d 606, 607 (1981). In furtherance of this policy, South Carolina chose to exclude convictions under the Youthful Offender Act from subsequent habitual offender proceedings.

{9} For the South Carolina court to have imposed a criminal adult sentence of imprisonment, as opposed to a youthful offender sentence, it would have had to determine that Defendant was not amenable to treatment. Because the South Carolina court found Defendant amenable to treat-

ment, the 1985 order placing him on probation was a "youthful offender" sentence whose goal was rehabilitative in nature. Therefore, we hold that Defendant's conviction does not satisfy the provisions of part (b) of New Mexico's Habitual Offender Statute.

### Part (c) of New Mexico's Habitual Offender Statute

{10} Next, we analyze whether Defendant's South Carolina offenses satisfy part (c) of New Mexico's Habitual Offender Statute. To satisfy part (c), the offenses "would have [to have] been classified as [ ] felon[ies] in this state at the time of conviction." Section 31–18–17(A)(2)(c). On the contrary, we find that Defendant's offenses would not have been felonies in New Mexico at the time he was convicted in South Carolina. The 1985 Children's Code defined a child as anyone under eighteen years old. *See* § 32–1–3(A). It defined a delinquent child as a child who had committed a delinquent act, which was an act generally designated as a crime if committed by an adult. *See* § 32–1–3(O) and (P). Had Defendant been convicted of burglary and larceny in New Mexico at the age of seventeen, both charges would have resulted in the sentencing of Defendant as a delinquent offender. *See* § 32–1–3(O) and (P). Delinquent offenders were subject only to juvenile sanctions under the New Mexico Children's Code. *See id.* Only when a person under eighteen was sentenced as an adult did "the determination of guilt at trial become[ ] a conviction for purposes of the Criminal Code" which would include the Habitual Offender Statute. *See* NMSA 1978, § 32A–2–18(B) and (C) (1996). According to the 1985 Children's Code, Defendant could only have been treated as an adult if the children's court had transferred the proceedings to an adult district court after a hearing determining that Defendant was not amenable to treatment or rehabilitation as a child. *See* NMSA 1978, § 32–1–29 (1975).

{11} A child sentenced as a delinquent offender under the 1985 New Mexico Children's Code was specifically deemed not to have been "convicted" of a crime, and his disposition as a delinquent was generally inadmissible in subsequent proceedings. *See* NMSA 1978, § 32–1–33 (1972). As an aside, we note that the legislative directive that juvenile dispositions not be treated as "convictions" for all purposes including habitual offender enhancement remains in effect, and thus the same result would occur under the version of the New Mexico Children's Code in effect today.

A judgment in proceedings on a petition under the Delinquency Act . . . resulting in a juvenile disposition shall not be deemed a conviction of crime . . . nor shall it operate to disqualify the child in any civil service application or appointment. The juvenile disposition of a child and any evidence given in a hearing in . . . court shall not be admissible as evidence against the child in any case or proceeding in any other tribunal whether before or after reaching the age of majority, except in sentencing proceedings after conviction of a felony and then only for the purpose of a presentence study and report.

NMSA 1978, § 32A–2–18(A) (1993). Because Defendant's offenses would not have been treated as felonies if they had been committed in New Mexico, they do not satisfy part (c) of New Mexico's Habitual Offender Statute.

### CONCLUSION

{12} For the reasons stated above, we reverse the one-year enhancement of Defendant's underlying sentence under the New Mexico Habitual Offender's Statute.

{13} **IT IS SO ORDERED.**

BUSTAMANTE and ARMIJO, JJ., concur.