*2006-NMCA-103*

142 P.3d 43

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Donald MOYA, Defendant–Appellee.**

**No. 25,546.**

Court of Appeals of New Mexico.

June 28, 2006.

As Corrected Sept. 5, 2006.

Certiorari Granted, No. 29,919, Sept. 13, 2006.

Patricia A. Madrid, Attorney General, Santa Fe, NM, Steven S. Suttle, Assistant Attorney General, Albuquerque, NM, for Appellant.

Robert E. Tangora, L.L.C., Robert E. Tangora, Santa Fe, NM, for Appellee.

## OPINION

WECHSLER, Judge.

{1} The sole issue in this case is whether the Habitual Offender Act, NMSA 1978, § 31–18–17 (2003), includes as an enhancement felony a misdemeanor conviction in another state that would have been classified as a felony in New Mexico. We hold that it does not and affirm the district court's sentence.

{2} Defendant Donald Moya was charged with two felonies and entered into a plea and disposition agreement, agreeing to plead guilty to the crimes. He also agreed to be sentenced to a one-year enhancement of his sentence if the district court determined that the Habitual Offender Act allowed enhancement of his sentence for his prior conviction in Utah for attempted forgery. The supplemental criminal information stated that attempted forgery in Utah was a misdemeanor that would have been a felony if committed in New Mexico. The district court granted Defendant's motion to preclude the use of the prior conviction to enhance his sentence. The State appeals from the district court's order denying its motion to reconsider that ruling. We address the State's appeal as a matter of statutory interpretation, affording it de novo review. *See State v. Frost,* 2003–NMCA–002, ¶ 6, 133 N.M. 45, 60 P.3d 492.

{3} The Habitual Offender Act requires a district court to enhance the basic sentence of a non-capital felony offender by one year if the offender has one prior felony conviction. Section 31–18–17(A). It defines "prior felony conviction" as:

(1) a conviction, when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior felony, whichever is later, for a prior felony committed within New Mexico whether within the Criminal Code or not, but not including a conviction for a felony pursuant to the provisions of Section 66–8–102 NMSA 1978; or

(2) a prior felony, when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior felony, whichever is later, for which the person was convicted other than an offense triable by court martial if:

(a) the conviction was rendered by a court of another state, the United States, a territory of the United States or the commonwealth of Puerto Rico;

(b) the offense was punishable, at the time of conviction, by death or a maximum term of imprisonment of more than one year; or

(c) the offense would have been classified as a felony in this state at the time of conviction.

Section 31–18–17(D).

{4} There is no dispute that Defendant's Utah conviction was within the statutory

time period and would have been classified as a felony in New Mexico at the time of the conviction. According to the State, these facts are dispositive because the plain meaning of Section 31–18–17(D) demonstrates the intent to assess the same habitual offender liability against a defendant who commits any crime in another jurisdiction if the crime would have been a felony in New Mexico. It argues that the use of the word "conviction" in Subsection (D)(2)(a) instead of "felony" and the use of the word "offense" in Subsection (D)(2)(c) instead of "felony" show that the legislature intended to broadly include any conviction or offense within the meaning of "prior felony conviction" as long as it was a felony in New Mexico.

{5} The State's argument, however, disregards the longstanding interpretation of Section 31–18–17(D) in *State v. Harris*, 101 N.M. 12, 677 P.2d 625 (Ct.App.1984). In *Harris*, we specifically addressed the ambiguity of Section 31–18–17(D) that gives rise to the State's arguments in this case. *Harris*, 101 N.M. at 19, 677 P.2d at 632. We held that the semicolon at the end of Subsection (D)(2)(a), then Subsection (A)(2)(a), meant that its requirement of a felony conviction applied to both of the requirements of Subsections (D)(2)(b) and (D)(2)(c), then Subsections (A)(2)(b) and (A)(2)(c). *Harris*, 101 N.M. at 19, 677 P.2d at 632. We further held that the use of the disjunctive "or" between Subsections (b) and (c) meant that either of those requirements of a punishment of death or a maximum term of at least one-year imprisonment or the classification of the offense as a felony in New Mexico was sufficient to trigger a sentence enhancement if the requirement of Subsection (D)(2)(a) was met. *Harris*, 101 N.M. at 19, 677 P.2d at 632. With this statutory construction, we stated that "[t]he statute clearly requires the prior conviction to have been a conviction of a felony." *Id.*

{6} Moreover, the State's construction of Section 31–18–17(D)(2) is stilted. The State would ignore the words "prior felony" in Subsection (D)(2) because it is the term being defined. But the plain language of the statute is otherwise. The statute clearly states that the term being defined is "prior felony conviction" and that it is defined, in part, by Subsection (D)(2) as a "prior felony" that meets the conditions of Subsection (D)(2)(a) and either Subsection (D)(2)(b) or (c). The words "conviction" and "offense" in those Subsections refer to "prior felony" in Subsection (D)(2).

{7} As a result, the State's argument does not give effect to the entire statutory scheme. *See State v. Martinez*, 1998–NMSC–023, ¶ 9, 126 N.M. 39, 966 P.2d 747 ("[W]e will interpret statutes as a whole and look to other statutes in pari materia in order to determine legislative intent."). Rather than intending to include any conviction in another jurisdiction that would be a felony in New Mexico, the statute achieves consistency by its limiting nature. Our legislature did not intend the legislature of another jurisdiction to control the Habitual Offender Act. It designed the consistency of the statute, not as the State argues, but by making a felony of another state applicable only if it is the equivalent of a New Mexico felony at the time of conviction in the other state, either because of its punishment or of its classification as a felony in New Mexico. An out-of-jurisdiction felony may be of less consequence than a felony in New Mexico because it is punishable by less than a maximum of more than one year imprisonment and is not considered a felony in New Mexico. Under such circumstances, the plain statutory language of the Habitual Offender Act reflects the legislative intent that only prior felony convictions be used for enhancement. We adopt the plain language because it is clear and gives effect to the intent of the legislature. *See State v. Davis*, 2003–NMSC–022, ¶ 6, 134 N.M. 172, 74 P.3d 1064 ("Under the plain meaning rule statutes are to be given effect as written without room for construction unless the language is doubtful, ambiguous, or an adherence to the literal use of the words would lead to injustice, absurdity or contradiction ...."); *State v. Brennan*, 1998–NMCA–176, ¶ 4, 126 N.M. 389, 970 P.2d 161 (noting that "courts must give effect to plain statutory language and refrain from further statutory interpretation").

{8} It does not matter, as the State contends, that in *Harris* we considered the argu-

ment that a felony conviction of another state was not a felony in New Mexico and held that it nevertheless required sentence enhancement because it was a felony punishable by a maximum term of imprisonment of more than one year. *Harris,* 101 N.M. at 18–19, 677 P.2d at 631–32. Our reading of Section 31–18–17(D) in *Harris* was based on the structure of the statute and does not change with the facts.

{9} Nor does our holding in *State v. Elliott,* 2001–NMCA–108, 131 N.M. 390, 37 P.3d 107, counsel another interpretation of Section 31–18–17(D), as the State contends. We decided *Elliott* based on the sufficiency of the evidence. *Elliott,* 2001–NMCA–108, ¶ 38. The defendant had been convicted of a drug offense in Arizona that would have been a felony in New Mexico. *Id.* ¶¶ 34, 37–38. Arizona did not designate the offense as a felony or misdemeanor, but its statutory provision stated that the offense "shall be treated as a felony for all purposes until the court enters an order designating the offense a misdemeanor." *Id.* ¶ 37 (emphasis omitted) (internal quotation marks and citation omitted). We considered the statutory language sufficient to satisfy the State's prima facie case, and without evidence of an order desig-nating the offense as a misdemeanor, we concluded that the evidence was sufficient to support the finding below that the offense was a felony in Arizona for the purposes of the habitual offender enhancement. *Id.* ¶ 38. Because in *Elliott* we considered the offense to be a felony in the state in which it was committed, we did not address the issue before us in this case.

**CONCLUSION**

{10} The plain language of Section 31–18–17(D) permits sentence enhancement only for convictions that were felonies in the state in which they were committed. We affirm the district court's sentence.

{11} **IT IS SO ORDERED.**

WE CONCUR: RODERICK T. KENNEDY and MICHAEL E. VIGIL, Judges.