2007-NMSC-027

161 P.3d 862

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**Donald MOYA, Defendant–Respondent.**

**No. 29,919.**

Supreme Court of New Mexico.

May 14, 2007.

Gary K. King, Attorney General, Steven S. Suttle, Assistant Attorney General, Santa Fe, NM, for Petitioner.

Robert E. Tangora, L.L.C., Robert E. Tangora, Santa Fe, NM, for Respondent.

**OPINION**

CHÁVEZ, Chief Justice.

{1} The issue in this case is whether an out-of-state misdemeanor conviction, which would have been classified as a felony in New Mexico, can be used to enhance a defendant's basic sentence under the Habitual Offender Act, NMSA 1978, §§ 31–18–17 to –20 (2003). Defendant Donald Moya pled guilty to two felonies in New Mexico and also admitted that he had been previously convicted of attempted forgery in Utah. Defendant agreed to a one-year sentence enhancement if the district court determined that his pre-

vious conviction, a misdemeanor in Utah, but classified as a felony in New Mexico, could be used as an enhancement felony under Section 31–18–17(D)(2). Concluding that the Habitual Offender Act did not permit the enhancement of a sentence based on an out-of-state misdemeanor conviction, the district court granted Defendant's motion to preclude the use of the Utah attempted forgery conviction. The State appealed, and the Court of Appeals affirmed, holding that Section 31–18–17(D)(2) allows "sentence enhancement only for convictions that were felonies in the state in which they were committed." *State v. Moya*, 2006–NMCA–103, ¶ 10, 140 N.M. 275, 142 P.3d 43. Construing Section 31–18–17(D)(2) according to its obvious spirit or reason, we hold that prior out-of-state misdemeanor convictions can be used to enhance a sentence if the offense would have been classified as a felony in New Mexico at the time of conviction. Accordingly, we reverse the Court of Appeals.

## I. DISCUSSION

 {2} Under the Habitual Offender Act, if a defendant is convicted of a noncapital felony in New Mexico, and has one "prior felony conviction," the defendant's sentence shall be increased by one year. § 31–18–17(A). In this case, we must determine whether a conviction of a crime classified in another jurisdiction as a misdemeanor qualifies as a "prior felony conviction." "We review questions of statutory interpretation *de novo*." *State v. Smith*, 2004–NMSC–032, ¶ 8, 136 N.M. 372, 98 P.3d 1022.

{3} The definition of a "prior felony conviction" depends on whether the prior conviction occurred within the jurisdiction of New Mexico or outside of New Mexico. Paragraph (D)(1) of Section 31–18–17 pertains to convictions within the jurisdiction of New Mexico and defines "prior felony conviction" as:

a conviction . . . for a prior felony committed within New Mexico whether within the Criminal Code or not, but not including a conviction for a felony pursuant to the provisions of Section 66–8–102 NMSA 1978. . . .

§ 31–18–17(D)(1). Paragraph (D)(2) pertains to convictions in other jurisdictions and defines "prior felony conviction" as:

a prior felony . . . if:

(a) the conviction was rendered by a court of another state, the United States, a territory of the United States or the commonwealth of Puerto Rico;

(b) the offense was punishable, at the time of conviction, by death or a maximum term of imprisonment of more than one year; or

(c) the offense would have been classified as a felony in this state at the time of conviction.

§ 31–18–17(D)(2). Because the conviction at issue in this case occurred in another state, the provision we must construe is Paragraph (D)(2).

{4} The basis for the Court of Appeals's conclusion that the plain language of Section 31–18–17(D)(2) does not allow for enhancement unless the out-of-state conviction was first classified as a felony in the state in which it was committed, was the Legislature's use of the term "prior felony" at the beginning of Paragraph (D)(2). *See Moya*, 2006–NMCA–103, ¶ 6, 140 N.M. 275, 142 P.3d 43. Concluding that the term could not be ignored, the court held that the words "conviction" and "offense" in Subparagraphs (D)(2)(a), (b), and (c) referred to the term "prior felony." *Id.* The court also concluded that Paragraph (D)(2) required a "prior felony" that met the conditions of Subparagraph (D)(2)(a) and either Subparagraph (D)(2)(b) or (c). *Id.* Because Defendant's conviction for attempted forgery was a misdemeanor in Utah, his conviction was not a "prior felony," and it was unnecessary for the court to analyze whether Subparagraphs (D)(2)(a), (b) or (c) were satisfied.

{5} As support for its holding, the Court of Appeals relied on *State v. Harris*, 101 N.M. 12, 677 P.2d 625 (Ct.App.1984), a case in which the Court of Appeals interpreted a previous, but nearly identical, version of current Paragraph (D)(2). *See Moya*, 2006–NMCA–103, ¶ 5, 140 N.M. 275, 142 P.3d 43. Although not specifically addressing whether an out-of-state conviction must be classified as a felony in the state in which it was

committed, the court in *Harris* interpreted what is now Paragraph (D)(2) in the same way that the Court of Appeals did in this case. The court in *Harris* stated that "[t]he statute clearly requires the *prior conviction to have been a conviction of a felony*, and this *felony conviction* must have occurred in one of the courts named in (2)(a)." 101 N.M. at 19, 677 P.2d at 632 (emphasis added). The court went on to say that "[t]he use of the semicolon at the end of (2)(a) indicates that (2)(b) is also a requirement," and that "or" at the end of (2)(b) indicated that (2)(c) could be used instead of (2)(b). *Id.*

{6} In analyzing Section 31–18–17(D)(2), our primary goal is to effectuate the Legislature's intent. *See State v. Davis*, 2003–NMSC–022, ¶ 6, 134 N.M. 172, 74 P.3d 1064. We do so by looking first to the words the Legislature chose and the plain meaning of the language. *State v. Martinez*, 1998–NMSC–023, ¶ 8, 126 N.M. 39, 966 P.2d 747. However, we must be cautious in applying the plain meaning rule. *State ex rel. Helman v. Gallegos*, 117 N.M. 346, 353, 871 P.2d 1352, 1359 (1994). "[W]hen the results would be absurd, unreasonable, or contrary to the spirit of the statute," we will not employ a "formalistic and mechanical statutory construction." *Smith*, 2004–NMSC–032, ¶ 10, 136 N.M. 372, 98 P.3d 1022. Instead, we give effect to the Legislature's intent by "adopting a construction which will not render the statute's application absurd or unreasonable," and we construe the statute "according to its obvious spirit or reason." *State v. Nance*, 77 N.M. 39, 46, 419 P.2d 242, 247 (1966). When construing a statute according to its obvious spirit, "courts may substitute, disregard or eliminate, or insert or add words to a statute." *Nat'l Council on Comp. Ins. v. N.M. State Corp. Comm'n*, 103 N.M. 707, 708, 712 P.2d 1369, 1370 (1986). We must also keep in mind that "[s]tatutes authorizing more severe punishment should be strictly construed because they are highly penal." *State v. Ogden*, 118 N.M. 234, 242, 880 P.2d 845, 853 (1994). However, strict construction "should not be used to defeat the policy and purposes of a statute." *Id.*

{7} Looking first to the language chosen by the Legislature to define "prior felony

conviction," there is a notable difference between the language in Paragraph (D)(1), relating to convictions within the jurisdiction of New Mexico, and Paragraph (D)(2), relating to convictions in other jurisdictions. Paragraph (D)(1) defines a " 'prior felony conviction' " as "a *conviction* ... for a prior felony," whereas in Paragraph (D)(2), "prior felony conviction" is defined as a *"prior felony "* with three additional criteria. Had the Legislature chosen to say "a conviction" in Paragraph (D)(2), as some states do, there would be no question that prior out-of-state misdemeanor convictions could be used to enhance a sentence so long as either Subparagraphs (D)(2)(b) or (c) were satisfied. *See, e.g.*, Ky.Rev.Stat. Ann. § 532.080(3) (LexisNexis Supp.2006) (defining "previous felony conviction" as "a conviction of a felony in this state or *conviction of a crime* in any other jurisdiction provided" certain requirements are met) (emphasis added). Thus, the plain meaning of "prior felony" in Paragraph (D)(2) indicates that only prior out-of-state felonies can be used to enhance a sentence.

{8} However, a survey of the criminal laws in the United States reveals that if Paragraph (D)(2) could be applied at all, in the vast majority of cases, Subparagraphs (D)(2)(b) or (c) would be rendered superfluous. As an example, if we interpret "prior felony" in Paragraph (D)(2) to require that the prior out-of-jurisdiction conviction first be classified as a felony in the state in which it was committed, prior convictions in both Maine and New Jersey could never be used to enhance a sentence in New Mexico. That is because Maine and New Jersey do not classify crimes as felonies or misdemeanors. In those states, crimes are classified by classes or degrees, and punishment is based on that classification. Me.Rev.Stat. Ann. tit. 17–A, § 4(1) (1983) (classes); N.J. Stat. Ann. § 2C:43–1 (West 2005) (degrees). Therefore, construing "prior felony" in Paragraph (D)(2) to mean out-of-state convictions must have been classified as a felony in that state, leads to the unreasonable result of precluding the use of crimes committed in states which do not classify crimes as felonies. We do not believe the Legislature intended such a result under a statute enacted to reduce recidivism. *See State v. Chorney*, 2001–NMCA–

050, ¶ 13, 130 N.M. 638, 29 P.3d 538 ("The habitual offender statute has as its primary purpose to deter recidivism.").

{9} Furthermore, we must construe Section 31–18–17(D)(2) in its entirety, so that each part of the statute is given meaning and no part is superfluous. *State v. Rivera*, 2004–NMSC–001, ¶ 18, 134 N.M. 768, 82 P.3d 939. If we were to interpret the statute to require a prior out-of-state conviction to be a felony, then Subparagraph (D)(2)(b) would allow enhancement only if the prior felony was punishable by a "maximum term of imprisonment of more than one year." In such a case, the only way Subparagraph (D)(2)(b) would not be superfluous is if other jurisdictions punish felonies by a maximum of one year of imprisonment or less. In other words, if an out-of-state conviction must be a prior felony, and all states define a felony as a crime punishable by a maximum of more than one year of imprisonment, Subparagraph (D)(2)(b) would be redundant because "prior felony" in Paragraph (D)(2) would already encompass every conviction that is punishable by a maximum of more than one year of imprisonment.

{10} A survey of other jurisdictions, including the federal system, the fifty states, and the Commonwealth of Puerto Rico, shows a divergence in the maximum terms of imprisonment for crimes classified as felonies. Yet, in most cases, felonies are punishable by more than one year. In the federal system, felonies are divided by classes and the lowest class of felony is punishable by a maximum of not more than three years. *See* 18 U.S.C. § 3581 (2000). In some states, a felony is explicitly defined as a crime punishable by death or more than one year imprisonment. *See, e.g.,* Ga.Code. Ann. § 16–1–3(5) (West 1998); Minn.Stat. § 609.02 (2006). Other states define a felony as a crime punishable by imprisonment in the state penitentiary or the state prison. *See, e.g.,* Idaho Code Ann. § 18–111 (2004). Although not explicitly stated, the effect of these statutes "is usually such that these statutes indirectly state what the statutes in almost all other jurisdictions expressly declare: that any crime punishable by death or imprisonment for more than one year . . . is a felony." 1

Wayne R. LaFave, *Substantive Criminal Law* § 1.6(a), at 48 (2d ed.2003).

{11} Still other states define a felony as a crime designated a felony by statute, in which case each criminal statute indicates whether a crime is classified as a felony or misdemeanor. *See, e.g.,* Ark.Code Ann. § 5–1–106 (2006); Iowa Code § 701.7 (2003). Many of these states also incorporate a sentencing statute that specifies the amount of punishment associated with a felony, and in almost all cases, this is a maximum of more than one year imprisonment. *See, e.g.,* Ark. Code Ann. § 5–4–401 (2006); Iowa Code § 902.9 (2003). Some states do not provide a definition of a felony, but classify each crime as a felony or misdemeanor and designate the punishment for each crime within each criminal statute. *See, e.g.,* Md.Code Ann., Crim. Law § 2–204(b) (LexisNexis 2002) ("A person who commits a murder in the second degree is guilty of a felony and on conviction is subject to imprisonment not exceeding 30 years."). The practical effect of these variations of the definition of felony is that in most of these jurisdictions, felonies are punishable by more than a maximum of one year of imprisonment.

{12} In fact, our research did not reveal a jurisdiction which actually punishes a felony by less than one year imprisonment. However, it did show that Puerto Rico defines a felony as all crimes punishable by a term of imprisonment that exceeds six months and then designates the punishment for a crime within each criminal statute. *See* P.R. Laws Ann. tit. 33, § 3044 (Lexis Nexis Supp.1975). In addition, there are a few states, including New Mexico, that define a felony as a crime punishable by *one year or more* imprisonment. *See* 720 Ill. Comp. Stat. 5/2–7 (2004); Ky.Rev.Stat. Ann. § 500.080(5) (LexisNexis Supp.2006); NMSA 1978, § 30–1–6(A) (1963); Tenn.Code Ann. § 39–11–110 (1997). Therefore, in these states, and in Puerto Rico, it is possible to have a crime classified as a felony that does not satisfy Section 31–18–17(D)(2)(b) because the maximum punishment for conviction of such felony could be either limited to one year, or, in Puerto Rico's case, more than six months, but less than one year.

{13} Even so, it is extremely unlikely that a prior out-of-state felony would be punishable by a maximum term of imprisonment of one year or less in those jurisdictions. Several of the states that punish a felony by one year or more of imprisonment divide felonies into degrees or classes, and even the lowest degree or class of felony punishes the crime by more than one year. In New Mexico, the minimum basic punishment for the lowest degree of felony, a fourth-degree felony, is eighteen months imprisonment, so the maximum punishment cannot be limited to exactly one year. *See* NMSA 1978, § 31–18–15(A)(9) (2005). In Kentucky, the maximum punishment for its lowest class of felony is five years imprisonment. Ky.Rev.Stat. Ann. § 532.020 (1999). And, in Tennessee, the lowest class of felony is punishable by a maximum of more than six years. Tenn. Code Ann. § 40–35–111(b)(5) (1997).

{14} While it is possible that some states could punish a felony by a maximum of one year imprisonment or less, there is only one state, Arizona, that has a statute in place that clearly does so. In Arizona, the definition of a felony is a crime punishable by a term of imprisonment in the custody of the state's department of corrections. Ariz.Rev. Stat. Ann. § 13–105(16) (2001). Under its sentencing scheme, felonies are defined by classes, and the lowest class of felony, a class six felony, is punishable by a term of imprisonment of exactly one year. Ariz.Rev.Stat. Ann. § 13–701(C)(5) (2001). Therefore, although Subparagraph (D)(2)(b) is technically not superfluous, our research shows that it would most likely apply only in a situation in which a defendant was previously convicted of a class six felony in Arizona.

{15} Similarly, while there is an argument to be made that Subparagraph (D)(2)(c) is not superfluous, it too would have very limited application. Subparagraph (D)(2)(c) serves a purpose only when a defendant was previously convicted of a felony in a state which punishes that felony by a maximum term of imprisonment of one year or less, thus not meeting Subparagraph (D)(2)(b), and where the out-of-state felony is not classified as a felony in New Mexico. Because our research shows that Arizona is one of the only states, if not the sole state, that actually punishes a felony by a maximum of imprisonment for one year or less, we see no legitimate reason why the Legislature would have tailored the statute to cover such a remote possibility.

{16} Therefore, considering both the Legislature's use of "prior felony" in Paragraph (D)(2) and the language in Subparagraphs (D)(2)(b) and (c), we are left with an unreasonable application of the statute. A literal reading of Paragraph (D)(2), requiring the prior out-of-state conviction to be a felony, would prevent enhancement of a sentence predicated on convictions from states that do not classify crimes as felonies. Additionally, although Subparagraphs (D)(2)(b) and (c) may not be superfluous in certain limited situations, in reality, their reach would be extremely limited because most jurisdictions punish a felony by a maximum of more than one year of imprisonment. We do not believe that the Legislature intended to preclude the use of convictions from states that do not classify crimes as felonies, or that it intended to give Subparagraphs (D)(2)(b) and (c) such limited significance. Furthermore, while giving effect to "prior felony" in Paragraph (D)(2) would adhere to the rule that penal statutes should be strictly construed, "strict construction is only one factor influencing interpretation of punitive legislation." *Ogden*, 118 N.M. at 242, 880 P.2d at 853. "[T]he language of penal statutes should be given a reasonable or common sense construction consonant with the objects of the legislation, and the evils sought to be overcome should be given special attention." *Id.* at 243, 880 P.2d at 853.

{17} It seems clear that the Legislature intended for Subparagraphs (D)(2)(b) and (c) to have more significance. Reading Paragraph (D)(2) as defining a "prior felony" to be any conviction that satisfies Subparagraph (D)(2)(a), plus the elements of either Subparagraph (D)(2)(b) or (c), avoids an unreasonable application of the statute and furthers the legitimate legislative goal of reducing recidivism. Under this interpretation, Subparagraph (D)(2)(b) allows enhancement for a prior out-of-state conviction when the conviction is punishable by a maximum of more

than one year of imprisonment in the state in which it was committed, even if a misdemeanor in New Mexico. Further, by employing such a reading, Subparagraph (D)(2)(c) would be satisfied when a prior out-of-state conviction is classified as a felony in New Mexico. The classification, or lack of classification of the crime in the state in which it was committed, would make no difference. Subparagraph (D)(2)(c) would permit enhancement for crimes that our Legislature has determined are worthy of harsher punishment, even though other states classify the crime differently.

{18} It is worth emphasizing that our interpretation of the statute conforms to the obvious spirit of the Habitual Offender Act. The two chief purposes served by the Habitual Offender Act are: "(1) the deterrent/rehabilitative purpose of discouraging those who have previously committed serious crimes from engaging in similar conduct within New Mexico; and (2) the punitive/protective purpose of incarcerating for a longer period of time those who have shown a repeated inclination to commit serious offenses." *State v. Edmondson,* 112 N.M. 654, 658, 818 P.2d 855, 859 (Ct.App.1991). It serves the goal of reducing recidivism in our state to construe Section 31–18–17(D)(2) to allow any prior out-of-state conviction to enhance a sentence, provided that either the punishment or classification satisfy Subparagraphs (D)(2)(b) or (c).

{19} Accordingly, because adhering to the plain meaning of Paragraph (D)(2) leads to an unreasonable application, we stray from the plain meaning to interpret the statute according to its obvious spirit and the Legislature's intent. *See Nance,* 77 N.M. at 46, 419 P.2d at 247. In doing so, we may disregard words and substitute others. *Nat'l Council,* 103 N.M. at 708, 712 P.2d at 1370. In this case, we define "prior felony," as used in Paragraph (D)(2), to mean a conviction from a jurisdiction in Subparagraph (D)(2)(a), which satisfies the elements of either Subparagraph (D)(2)(b) or (c) We hold that a prior out-of-state misdemeanor conviction can be used to enhance a sentence under Section 31–18–17(D)(2) when the conviction was either punishable by a maximum of more than one year of imprisonment in the state in which it was committed, as provided by Subparagraph (D)(2)(b), or classified as a felony in New Mexico at the time of conviction, as provided by Subparagraph (D)(2)(c). As a result, there is not insurmountable ambiguity within this statute, and the rule of lenity does not apply. *See Ogden,* 118 N.M. at 242, 880 P.2d at 853 ("The rule of lenity counsels that criminal statutes should be interpreted in the defendant's favor when insurmountable ambiguity persists regarding the intended scope of a criminal statute.").

## III. CONCLUSION

{20} We hold that, in accordance with legislative intent, a prior out-of-state misdemeanor conviction can be used to increase a basic sentence under the Habitual Offender Act when either Subparagraphs (D)(2)(b) or (c) are satisfied. The Court of Appeals is reversed.

{21} **IT IS SO ORDERED.**

WE CONCUR: PATRICIO M. SERNA, PETRA JIMENEZ MAES, and RICHARD C. BOSSON, Justices.

MINZNER, Justice (dissenting).

{22} I respectfully dissent. I agree with Judge Wechsler, writing for the Court of Appeals, that the Habitual Offender Act, NMSA 1978, Section 31–18–17(D) (2003), (the Act) does not include as an enhancement felony a conviction classified as a misdemeanor in another state even if that conviction would have been classified as a felony in New Mexico. *State v. Moya,* 2006–NMCA–103, ¶ 1, 140 N.M. 275, 142 P.3d 43.

{23} The Act states that "prior felony conviction" means:

(1) a conviction, when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior *felony,* whichever is later, for a prior *felony* committed within New Mexico whether within the Criminal Code or not, but not including a conviction for a felony pursuant to the provisions of Section 66–8–102 NMSA 1978; or

(2) a prior *felony*, when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior *felony*, whichever is later, for which the person was convicted other than an offense triable by court martial if:

 (a) the conviction was rendered by a court of another state, the United States, a territory of the United States or the commonwealth of Puerto Rico;

 (b) the offense was punishable, at the time of conviction, by death or maximum term of imprisonment of more than one year; or

 (c) the offense would have been classified as a felony in this state at the time of conviction.

Section 31–18–17(D) (emphasis added). The term "felony" pervades the text of Section 31–18–17(D), and I find this helpful in reaching my conclusion.

{24} I think, as did the Court of Appeals, that Section 31–18–17(D) mandates that a sentence enhancement may only be premised on a *felony* conviction. *Moya*, 2006–NMCA–103, ¶ 5–6, 140 N.M. 275, 142 P.3d 43. Section 31–18–17(D)(1), discussing prior convictions in New Mexico that may be used for the purposes of sentence enhancement, requires those convictions to be felonies. Subsections (a), (b), and (c) modify Section 31–18–17(D)(2), which clearly states that the conviction must be a felony. In fact, Section (D)(2) uses the term "prior felony" twice. This is an indication of the Legislature's intent to allow sentence enhancements based only on prior felony convictions, not misdemeanor convictions.

{25} In *State v. Harris*, the Court of Appeals held the semicolon at the end of Section 31–18–17(D)(2)(a) meant that its requirement of a felony conviction applied to both of the requirements of Subsections (b) and (c). 101 N.M. 12, 19, 677 P.2d 625, 632 (Ct.App.1984). The court also held that the Legislature's use of "or" between Subsections (b) and (c) meant that either a punishment of death or a maximum term of at least a one-year imprisonment *or* the fact the offense would have been classified as a felony in New Mexico

was sufficient to trigger a sentence enhancement if the requirement of Subsection (a) was met. *Id.* As the Court of Appeals noted in *Moya*, Subsection (a) and either Subsection (b) or (c) must be met. *Moya*, 2006–NMCA–103, ¶ 6, 140 N.M. 275, 142 P.3d 43. Section (D)(2) explicitly requires the prior conviction to be a felony conviction. The court held that the terms "conviction" and "offense" in Subsections (b) and (c) refer to "prior felony" in Subsection (D)(2). *Id.* Thus, for the purposes of the Act, the requirement of Section (D)(2) must be met: the prior conviction must have been classified as a *felony*.

{26} Further, our published opinions from the Court of Appeals seem consistent with its holding in *Moya* applying Section 31–18–17(D)(2). *See State v. Sandoval*, 2004–NMCA–046, 135 N.M. 420, 89 P.3d 92; *State v. Elliott*, 2001–NMCA–108, 131 N.M. 390, 37 P.3d 107; *State v. Smith*, 2000–NMCA–101, 129 N.M. 738, 13 P.3d 470; *State v. Edmondson*, 112 N.M. 654, 818 P.2d 855 (Ct.App.1991); *Harris*, 101 N.M. 12, 677 P.2d 625. While these cases did not expressly deal with the issue before us today, they all dealt with convictions that were classified as felonies in the foreign jurisdiction, and the language of these cases indicates that the Court of Appeals has been consistent in requiring that the foreign conviction be a felony conviction. *See Edmondson*, 112 N.M. at 656, 818 P.2d at 857 ("There is no dispute that a valid judgment of a conviction for a *felony* punishable by imprisonment of more than one year was entered against defendant. . . . That is all that is necessary under our statute.") (emphasis added); *Harris*, 101 N.M. at 19, 677 P.2d at 632 ("The statute clearly requires the prior conviction to have been a conviction of a *felony*. . . .") (emphasis added). I think this consistency deserves our deference.

{27} I agree with the Court of Appeals' analysis that:

Our legislature did not intend the legislature of another jurisdiction to control the Habitual Offender Act. It designed the consistency of the statute, not as the State argues, but by making a felony of another state applicable only if it is the equivalent

of a New Mexico felony at the time of conviction in the other state, either because of its punishment or of its classification as a felony in New Mexico.... [T]he plain statutory language of the Habitual Offender Act reflects the legislative intent that only prior felony convictions be used for enhancement.

*Moya,* 2006–NMCA–103, ¶ 7, 140 N.M. 275, 142 P.3d 43. The State contends the use of the word "offense" in Subsection (D)(2)(c) clearly indicates a legislative intent to permit the use of *any* offense, irrespective of the punishment for or the nomenclature used in the foreign jurisdiction if the offense would have been classified as a felony in New Mexico. The majority opinion reasons the Legislature did not intend for the Act to be as limited as the Court of Appeals held. Maj. Op. ¶¶ 16–17. I believe, however, that there is sufficient support within the text of the statute and the Court of Appeals' case law that the Legislature intended to limit the Act's application to out-of-jurisdiction convictions.

{28} I would affirm the Court of Appeals and conclude that the Act does not include a conviction from another jurisdiction that is classified as a misdemeanor even if that conviction would have been classified as a felony conviction in New Mexico for the purposes of sentence enhancement. My colleagues being of a different view, I respectfully dissent.