# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                               **NO. 28,963**

**JENNIFER L. MARTINEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Frank K. Wilson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant pled no contest to possession of a controlled substance and possession of drug paraphernalia. She appeals her sentence as illegal. We issued a

notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded. We therefore affirm.

On appeal, Defendant challenges the district court's enhancement of her sentence based on a prior felony conviction because the prior offense Defendant committed was reclassified as a misdemeanor after Defendant's conviction. Defendant argues that her 2003 conviction for attempt to commit forgery should not be used to enhance her current sentence, urging us to "look, not to the designation of her prior offense at the time it was committed, but to the nature of her offense as it [is] now regarded." [MIO 4] Our case law does not follow the approach advocated by Defendant.

As we observed in our notice, the Supreme Court held in *State v. Moya*, 2007-NMSC-027, ¶ 1, 141 N.M. 817, 161 P.3d 862, that "prior out-of-state misdemeanor convictions can be used to enhance a sentence if the offense would have been classified as a felony in New Mexico at the time of conviction." "The definition of a 'prior felony conviction' depends on whether the prior conviction occurred within the jurisdiction of New Mexico or outside of New Mexico." *Id.* ¶ 3 (citing the Habitual Offender Act, NMSA 1978, § 31-18-17(D) (2003)). Section 31-18-17(D)(1) of the habitual offender statute defines a "prior felony conviction" that has occurred

within New Mexico as "a *conviction . . . for a prior felony* committed within New Mexico whether within the Criminal Code or not . . . ." (Emphasis added.) *See Moya*, 2007-NMSC-027, ¶ 3. Section 31-18-17(D)(2) of the statute defines a "prior felony conviction" that has occurred outside of New Mexico as the following:

> (2)    a prior felony . . . for which the person was convicted other than an offense triable by court martial if:
>
> (a)    the conviction was rendered by a court of another state, the United States, a territory of the United States or the commonwealth of Puerto Rico;
>
> (b)    the offense was punishable, at the time of conviction, by death or a maximum term of imprisonment of more than one year; or
>
> (c)    the offense would have been classified as a felony in this state at the time of conviction.

*Id.*

The plain meaning of the language of the statute indicates that a sentence may be enhanced by a prior New Mexico conviction for an offense classified as a felony at the time of the conviction. *See Moya*, 2007-NMSC-027, ¶ 7 (indicating that, unlike the "prior conviction" definition for prior out-of-state convictions, there is no question that the plain language of the statute requires that the New Mexico conviction be a felony at the time of conviction). Although the *Moya* Court did not unanimously agree about whether a misdemeanor conviction obtained in another state that would be a felony in New Mexico at the time of the out-of-state conviction could be used to enhance the defendant's sentence, both the majority and dissenting opinions looked

3

at the classification of the crime at the time of conviction. *See id.* ¶¶ 7, 17, 19; *see also id.* ¶ 24 (Minzner, J., dissenting). The majority concluded that as long as the conviction would have been classified as a felony in New Mexico at the time of conviction, it can be used as a "prior felony conviction" to enhance a sentence. *See id.* ¶¶ 17, 19.

Because Defendant's conviction was for a prior felony, we hold that the district court properly enhanced her sentence under the Habitual Offender Act. We believe that this result, rather than the approach Defendant advocates, is consistent with the goal of reducing recidivism and the deterrent, rehabilitative, and punitive purposes of the statute: "(1) . . . discouraging those who have previously committed serious crimes from engaging in similar conduct within New Mexico; and (2) . . . incarcerating for a longer period of time those who have shown a repeated inclination to commit serious offenses." *Id.* ¶ 18 (alterations added) (internal quotation marks and citation omitted).

Accordingly, we affirm.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

4

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**JONATHAN B. SUTIN, Judge**