This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37999**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MISTY ANN MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Public Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from the denial of her second amended motion to strike the enhancement of her sentence based on an out-of-state conviction. This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant contends that *State v. Moya*, 2007-NMSC-027, ¶ 19, 141 N.M. 817, 161 P.3d 862, in which our Supreme Court held that, under NMSA 1978, Section 31-18-17(D)(2)(C) (2003), "a prior out-of-state misdemeanor conviction can be

used to enhance a sentence . . . when the conviction was either punishable by a maximum of more than one year imprisonment in the state in which it was committed . . . or classified as a felony in New Mexico at the time of conviction," was wrongly decided. [MIO 6] Our notice proposed to affirm, stating that the Court of Appeals must follow applicable precedents of our Supreme Court. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that the Court of Appeals is bound by Supreme Court precedent). [CN 2] As Defendant's California conviction at issue was for a crime that would have been considered a felony in New Mexico, we proposed to affirm the enhancement of her sentence. [CN 2-3] To the extent Defendant continues to maintain that *Moya* was "wrongly decided," this argument remains unpersuasive. Moreover, to the extent Defendant argues that our Supreme Court's decision in *Moya* conflicts with the policy established in *State v. Linam*, 1979-NMSC-004, ¶ 15, 93 N.M. 307, 600 P.2d 253, this is, again, an issue for our Supreme Court to address.

**{3}** Defendant also argues in her memorandum in opposition that the "full faith and credit" clause of the United States Constitution should prevent her sentence enhancement. [MIO 6] Because the California court granted Defendant's petition to reclassify one of her convictions from a felony to a misdemeanor, pursuant to California state legislation, she argues that the conviction should have been similarly classified as a misdemeanor for the purposes of enhancement of her New Mexico sentence. [MIO 3] However, Defendant acknowledges that our courts have previously rejected such arguments. [MIO 7] *See State v. Edmondson*, 1991-NMCA-069, ¶ 23, 112 N.M. 654, 818 P.2d 855 (stating that regarding "habitual-offender statutes in particular, the deterrent and punitive purposes of those statutes argue strongly in favor of upholding their provisions against any challenge under the Full Faith and Credit Clause. Thus, it is not surprising that . . . the clause does not prevent a state from using as a predicate offense for its habitual-offender statute an offense in another state that has been pardoned").

**{4}** Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**{5}     IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**