2004-NMCA-046

89 P.3d 92

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Anthony Joseph SANDOVAL,
Defendant–Appellant.**

**No. 22,294.**

Court of Appeals of New Mexico.

March 9, 2004.

Certiorari Denied, No. 28,570,
March 20, 2004.

Patricia A. Madrid, Attorney General, Max Shepherd, Assistant Attorney General, Albuquerque, NM, for Appellee.

John B. Bigelow, Chief Public Defender, Theresa M. Duncan, Karl Erich Martell, As-

sistant Appellate Defenders, Santa Fe, NM, for Appellant.

## OPINION

WECHSLER, Chief Judge.

{1} Defendant Anthony Sandoval appeals his enhanced sentence as a habitual offender. After this Court reversed Defendant's sentence because of the timeliness of the extension of the time to commence trial, our Supreme Court reversed and remanded for this Court to address Defendant's other arguments that: (1) the federal and state constitutions require that Defendant's prior convictions be determined by a jury based on proof beyond a reasonable doubt; and (2) the State failed to prove that Defendant's prior Colorado conviction was a felony covered by NMSA 1978, § 31–18–17 (1993). We affirm.

### Constitutional Requirements

{2} Defendant's constitutional argument is founded on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi*, the United States Supreme Court stated that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," except the fact of a prior conviction. *Id.* at 490, 120 S.Ct. 2348. The *Apprendi* opinion discussed *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a statutory provision enhancing a sentence for an alien who illegally returns to the United States after having previously been deported after an aggravated felony conviction was a penalty provision which did not need to be brought as a separate offense. *Apprendi*, 530 U.S. at 487, 120 S.Ct. 2348. Justice Thomas, who was part of the 5–4 majority in *Almendarez–Torres*, wrote a concurring opinion in *Apprendi*. *Id.* at 499, 120 S.Ct. 2348. Justice Thomas stated that he was then of the opinion that *Almendarez–Torres* was not properly decided and that there should not be an exception to the rule set forth in *Apprendi* for prior convictions. *Id.* at 520–21, 120 S.Ct. 2348.

{3} Defendant acknowledges that this Court has held that a prior conviction in a habitual offender proceeding is properly demonstrated by the preponderance of the evidence. *State v. Elliott*, 2001–NMCA–108, ¶ 35, 131 N.M. 390, 37 P.3d 107. Defendant contends, however, that our holding was based on our Supreme Court's holding to the same effect in *State v. Smith*, 2000–NMSC–005, 128 N.M. 588, 995 P.2d 1030, but that *Smith* was decided before *Apprendi*, which left unresolved the issue concerning prior convictions when the convictions are contested. Defendant maintains that the general rule of *Apprendi* requires that the facts of his convictions be found by a jury and proved beyond a reasonable doubt because he contested the facts of the prior convictions, and because the *Apprendi* opinion was based on the failure of the defendant in *Almendarez–Torres* to similarly contest the applicable facts. Defendant further argues in his brief in chief that *Apprendi* and *Almendarez–Torres* are not controlling because of Justice Thomas's change of position from *Almendarez–Torres* stated in his concurring opinion in *Apprendi* and because the United States Supreme Court had granted a petition for writ of certiorari to review its decision in *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which was the foundation of our Supreme Court's reasoning in *Smith* that the preponderance of the evidence standard applied. *Smith*, 2000–NMSC–005, ¶ 9, 128 N.M. 588, 995 P.2d 1030. We review Defendant's arguments de novo. *Id.* ¶ 6.

{4} The United States Supreme Court has now decided *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). In *Harris*, the Court reaffirmed *McMillan* and upheld a court's ability to increase a defendant's minimum sentence by finding that the defendant brandished a firearm in the course of drug trafficking without proof beyond a reasonable doubt. *Harris*, 536 U.S. at 559–60, 122 S.Ct. 2406. As a result, Defendant's challenge to the vitality of *Smith* and *Elliott* is unavailing.

{5} Nor are we persuaded by Defendant's challenge of *Almendarez–Torres*, either because of Justice Thomas's concurring opinion in *Apprendi*, or the level of the contest raised

concerning the existence of prior convictions. As the State points out, the federal circuit courts have consistently rejected these contentions. *See, e.g., United States v. Arellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir.2001) (holding both that *Almendarez–Torres* was not overruled by *Apprendi* and was not limited to facts in which the defendant does not contest prior convictions); *United States v. Gomez–Estrada*, 273 F.3d 400, 401 (1st Cir. 2001) (same); *United States v. Martinez–Villalva*, 232 F.3d 1329, 1331 (10th Cir.2000) (stating validity of *Almendarez–Torres* after *Apprendi* ). As we stated in *Elliott*, "*Apprendi*, by its express terms, does not apply to prior convictions." *Elliott*, 2001–NMCA–108, ¶ 34, 131 N.M. 390, 37 P.3d 107.

{6} Defendant additionally argues in the alternative that he is entitled to have a jury find the facts of his prior convictions beyond a reasonable doubt under Article II, Sections 12 and 18 of the New Mexico Constitution. Under *State v. Gomez*, 1997–NMSC–006, 122 N.M. 777, 932 P.2d 1, our courts may decide an issue based on the state constitution if the right involved is not protected by the federal constitution and the state constitution provides greater protection than its federal counterpart because: the federal analysis is flawed; there are structural differences between the state and federal governments; or the state constitution has distinctive characteristics. *Id.* ¶¶ 19, 21. We conduct our analysis de novo. *State v. Attaway*, 117 N.M. 141, 145–46, 870 P.2d 103, 107–08 (1994) (stating that threshold constitutional issues are reviewed de novo).

{7} Defendant contends that all three grounds for deviating from the federal constitution are present in this case. As to the first, that the *Almendarez–Torres* analysis is flawed, as we have discussed, we do not agree. In *Elliott*, this Court adopted *Apprendi* in analyzing the issue under the federal constitution, and Defendant has not cited any authority which has accepted his arguments. Nor are the federal analogs undeveloped, as the federal circuit court opinions cited above demonstrate. We also do not agree with Defendant's argument that there are distinctive New Mexico characteristics because prior to 1983 New Mexico statutes permitted a jury to determine facts concerning prior convictions necessary for habitual offender sentencing. Contrary to Defendant's assertion, this abandoned prior law does not reflect a "long-standing tradition of respecting the rights of individuals to a greater extent than does federal law." The legislature changed the law more than twenty years ago.

*Proof Regarding Prior Colorado Conviction*

{8} Defendant contends that the State did not provide sufficient evidence to prove that Defendant's prior conviction in Colorado for criminal trespass was a felony conviction, either at the time the offense was committed or at the time of the conviction. Defendant acknowledges that the issue is one of fact which we review for substantial evidence, giving deference to the findings of the district court. *Attaway*, 117 N.M. at 144–45, 870 P.2d at 106–07. At the hearing in the supplemental proceeding, Defendant introduced Colorado Statutes Section 18–4–502, along with its statutory history as Defendant's Exhibit C. Section 18–4–502 as set forth in Exhibit C reads:

A person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a dwelling of another or if such person enters any motor vehicle with intent to commit a crime therein. First decree criminal trespass is a class 5 felony.

The statutory history stated on Exhibit C indicates that Section 18–4–502 was derived from law in effect in 1971. The next amendment was in 1977 in which the words "knowingly and" were inserted. Contrary to Defendant's assertion, the evidence does not indicate that Section 18–4–502 was not a felony in Colorado either at the time Defendant committed the offense in 1973 or at the time of his conviction in 1974.

*Conclusion*

{9} We affirm the enhancement of Defendant's sentence as a habitual offender.

{10} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN and IRA ROBINSON, Judges.