Certiorari Denied, No. 31,488, January 30, 2008

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number:2009-NMCA-023**

**Filing Date: December 8, 2008**

**Docket No.  27,993**

**STATE OF NEW MEXICO,**

     **Plaintiff-Appellant,**

**v.**

**JOSEPH VILLEGAS,**

     **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**ALARID, Judge.**

**{1}**     The State appeals, challenging the district court's order denying the State's request for penalty enhancements for Defendant's multiple, second, or subsequent armed robbery convictions.  The State argues that the district court erred by ruling that the State was barred from enhancing the penalty for Defendant's current armed robbery conviction with Defendant's prior armed robbery convictions because the issue was not presented to the jury

1

pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). We issued a notice of summary disposition, proposing to agree with the State and reverse. Defendant has responded to our notice with a memorandum in opposition. We are not persuaded that *Apprendi* requires the State to prove the existence of prior convictions to the jury beyond a reasonable doubt. Therefore, we reverse and remand to the district court for reconsideration of the State's proof of Defendant's prior convictions for armed robbery.

**DISCUSSION**

**{2}** New Mexico's armed robbery statute increases the class of felony and punishment for repeat offenders, stating the following:

> Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.
>
> Whoever commits robbery is guilty of a third degree felony.
>
> Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

NMSA 1978, § 30-16-2 (1973). Although it appears that the definition of armed robbery may include a second and subsequent offense, our case law has determined that proof of a prior conviction is not an element of that crime. *See, e.g.*, *State v. Stout*, 96 N.M. 29, 31-32, 627 P.2d 871, 873-74 (1981) (rejecting a double jeopardy challenge, permitting the State to file a supplemental information alleging a prior armed robbery conviction after the defendant was convicted, and holding that the procedure seems no different than a habitual criminal proceeding under the habitual offender statute). Based on the reasoning in *Stout*, our case law has treated the increased felony provision in the armed robbery statute as a sentence enhancement, with the same purpose and effect of the habitual offender statute. *See State v. Keith*, 102 N.M. 462, 464, 697 P.2d 145, 147 (Ct. App. 1985) ("Both have the same purpose, the deterrence of repeat criminal conduct by holding an increased penalty in terrorem over the offender for the purpose of effecting his reformation and preventing subsequent offenses."); *see also State v. Bejar*, 104 N.M. 138, 141, 717 P.2d 591, 594 (Ct. App. 1985) (interpreting *Stout* to be describing "the sentencing provisions of the similar armed robbery statute as an enhanced sentence provision").

**{3}** Like the recidivist determinations required by the habitual offender statute, our notice proposed to hold that the armed robbery provision's enhanced penalty for second or subsequent offenses is subject to the same burden of proof: a preponderance of the evidence to be determined by the judge. *See State v. Sandoval*, 2004-NMCA-046, ¶ 3, 135 N.M. 420, 89 P.3d 92. In *Sandoval*, this Court rejected the defendant's argument that, in order to enhance his sentence based upon the habitual offender statute, *Apprendi* "requires that the

2

facts of his convictions be found by a jury and proved beyond a reasonable doubt." *Sandoval*, 2004-NMCA-046, ¶ 3. We observed that federal courts have rejected a defendant's constitutional attack on the court's, rather than the jury's, authority to make findings as to prior convictions that enhance a defendant's sentence. *Id.* ¶¶ 5, 7. As our notice pointed out, the *Apprendi* opinion itself carves out a prior conviction exception to sentence-enhancing facts that must be decided by a jury. The United States Supreme Court stated "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). "[R]ecidivism . . . is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Id.* at 488 (quoting *Almendarez-Torres v. United States*, 523 U.S. 224, 243 (1998).

**{4}** Defendant argues that the Supreme Court's opinion in *Apprendi* and its progeny requires that all facts essential to the imposition of a greater level of punishment must be presented to the jury and proved beyond a reasonable doubt, including the existence of prior convictions. Defendant acknowledges that *Apprendi* recognized an exception for prior convictions, but nevertheless argues that the opinion left the applicability of its holding to prior convictions an open question and did not endorse such an exception.

**{5}** This Court has held otherwise. In *State v. Bullcoming*, 2008-NMCA-097, ¶¶ 25-27, 144 N.M. 546, 189 P.3d 679, *cert. granted*, 2008-NMCERT-007, 144 N.M. 594, 189 P.3d 1216, we rejected similar arguments made by a defendant who believed the jury should determine the existence of prior DWI convictions beyond a reasonable doubt. We held that the *Apprendi* decision "explicitly excluded 'the fact of a prior conviction' from the type of facts that must be proved beyond a reasonable doubt." *Bullcoming*, 2008-NMCA-097, ¶ 26. We publish this opinion to make clear that *Apprendi* does not apply to the sentence enhancements contained in the armed robbery statute for repeated violations, on the same basis that it does not apply to the DWI sentence enhancements. *See State v. Anaya*, 1997-NMSC-010, ¶¶ 20-21, 123 N.M. 14, 933 P.2d 223 (holding that the penalty structure of the DWI statute, increasing the degree of offense and penalty for repeated offenses, is similar to that of the armed robbery statute and should be treated similarly for purposes of enhancing a sentence after a conviction). In light of our recent decision in *Bullcoming*, we decline Defendant's request that we revisit New Mexico sentence enhancement cases handed down prior to the decision in *Apprendi*.

**{6}** Finally, Defendant emphasizes that he has raised a substantive challenge to the State's proof of his prior convictions, in addition to the procedural matter of the State's burden of proof. Defendant has not explained what substantive challenge he raised, and he may raise it again on remand. *See Bullcoming*, 2008-NMCA-097, ¶ 22 (explaining that upon the State's prima facie showing of the validity of a defendant's prior convictions, the defendant may come forward with contrary evidence).

**CONCLUSION**

**{7}** We hold that proof of prior armed robbery convictions should be presented to the judge and established by a preponderance of the evidence. For the reasons stated above and in our notice, we reverse and remand to the district court for reconsideration of the State's evidence of Defendant's prior convictions.

**{8}** **IT IS SO ORDERED.**

**A. JOSEPH ALARID, Judge**

**WE CONCUR:**

**MICHAEL D. BUSTAMANTE, Judge**

**RODERICK T. KENNEDY, Judge**

Topic Index for *State v. Villegas,* No. 27,993

| | |
|---|---|
| **CL** | **Criminal Law** |
| CL-RB | Robberty |
| | |
| **CA** | **Criminal Procedure** |
| CA-ES | Enhancement of Sentence |
| CA-PC | Prior Convictions |
| CA-SN | Sentencing |
| | |
| **CT** | **Constitutional Law** |
| CT-TJ | Trial by Jury |

4