This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                       **NO. 29,146**

**PETER DURAN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

    Peter A. Duran (Defendant) appeals from the judgment, sentence and

commitment entered in Sandoval County District Court case nos. D-1329-CR-2005-00587, D-1329-CR-2005-00572, and D-1329-CR-2006-00004.  [RP 179] The State of New Mexico filed a nolle prosequi in D-1329-CR-2005-00587 because Defendant pled guilty in the other two cases.  [*See* RP CR-2005-00587 at 80]  All references to the record proper in this memorandum opinion are from the record proper volume for D-1329-CR-2006-00004.  Defendant entered a conditional plea agreement as to D-1329-CR-2005-00572, and D-1329-CR-2006-00004, reserving the right to appeal the district court order determining that Defendant was competent to stand trial.  [RP 172, 174, 177]

Defendant raises three issues on appeal: (1) the State failed to meet its burden to prove competence beyond a reasonable doubt after the parties stipulated that Defendant was incompetent and met the dangerousness standard; (2) the district court abused its discretion and denied Defendant due process by rejecting Defendant's request for a separate jury to try the competency issue; and (3) the prejudice of the district court judge against Defendant as a result of the charges prohibited the court from finding Defendant incompetent.  [DS 4]  The calendar notice proposed summary affirmance.  Defendant has filed a memorandum in opposition that we have duly considered.  We affirm.

**A.      The Applicable Burden of Proof and Whether the District Court Erred**

**in      Determining that Defendant was Competent to Stand Trial**

In the docketing statement, Defendant argued that the standard of proof applicable to the State for proving Defendant's competence was beyond a reasonable doubt.   As we discussed in the calendar notice, however, recently, our Supreme Court held that the applicable burden of proof is a preponderance of the evidence. *State v. Chavez*, 2008-NMSC-001, ¶ 21, 143 N.M. 205, 174 P.3d 988 (holding that "the rule remains that the defendant initially bears the burden of proving by a preponderance of the evidence that he is incompetent to stand trial, whereupon the burden shifts to the State to prove by the same standard, a preponderance of the evidence, that the defendant is competent to stand trial").

Defendant does not continue to argue about the State's burden of proof, but Defendant contends that the district court erred in determining that Defendant had regained competency when Defendant's underlying disorder remained unchanged. [MIO 3] Defendant now asks this Court to consider information on a website and in law review article that may argue that persons suffering from delusions can appear to be superficially normal. [MIO 4-5] Defendant also argues that his delusional beliefs "colors all of his actions" [MIO 4] and that Defendant "clearly did not have the ability to assist his attorney in a rational manner." [MIO 6] As we requested in the calendar notice, in the memorandum Defendant  explains more

3

about his diagnosis and the conflicts in the expert evaluations. [MIO 1-2] Defendant has been diagnosed with a delusional disorder with "fixed hyper-religious and grandiose scheme." [MIO 1] Defendant believes that he is "the vessel of God's wrath" and the events in this case, including the multiple charges of criminal sexual penetration of a minor (CSPM), multiple charges of conspiracy to commit CSPM, multiple charges of sexual exploitation of a child, and multiple charges of possession and trafficking a controlled substance, relate to Defendant's role in the apocalypse. [Id.] Defendant was determined to be incompetent to stand trial on January 18, 2008 [RP 112], he was sent to Las Vegas Behavioral Health Unit for treatment to attain competency, and his competency was revisited at a hearing on September 5, 2008. [MIO 3]

Both evaluators agreed that Defendant could recite the charges against him; he knew they were felonies and that felonies were more serious crimes than misdemeanors; he could properly identify the roles of the prosecutor, judge, jury and defense attorney; and he could identify legal concepts such as "plea bargain." [MIO 1, 2] According to Dr. Schwartz, however, when questioned about his ability to formulate a defense strategy, Defendant "would revert to his delusional rhetoric and would eventually become nonsensical." [MIO 1] Dr. Burness agreed with Dr. Schwartz's delusional disorder diagnosis and its manifestations. [MIO 2]

4

Dr. Burness noted, however, that most perpetrators of sexual crimes against children "harbor a range of cognitive distortions and attempted rationalizations in order to minimize the harm they have inflicted[,]" and she opined that Defendant's beliefs, that he is the vessel of God's wrath and his incarceration affects the ending of the world, are extensions of rationalizations. [Id.] Dr. Burness concluded that Defendant's delusions do not preclude Defendant "from being able to rationally and factually assist his lawyer in the preparation of his defense." [Id.] Defendant's bench brief below further indicates that "[t]he State's doctors have raised issues of potential malingering by Defendant[,]" but that "these issues are close and hard to call with respect to . . . Defendant's delusions." [RP 151]

At the September 5, 2008 hearing, the opinions of the different forensic experts were reviewed, and the district court judge asked Defendant a series of questions about the role of attorneys, judge, and jury. [DS 5, MIO 3] The district court judge agreed with Dr. Burness's findings [MIO 3] and entered an order finding Defendant competent to stand trial. [RP 158] The district court determined that Defendant "understands the nature and significance of these proceedings and the criminal charges[,]" that Defendant "possesses the ability to assist his attorney in the preparation of a defense[,]" and that Defendant "is competent to stand trial." [Id.] We affirm the district court decision. The

5

standard of proof for the State's evidence, a preponderance, is satisfied.  Moreover, the district court decision finding Defendant to be competent is supported by substantial evidence, including Dr. Burness's expert opinion and the responses Defendant made to the district court's own questions to him.  *State v. Sandoval*, 2004-NMCA-046, ¶ 8, 135 N.M. 420, 89 P.3d 92 (stating that when we review for substantial evidence we give deference to the findings of the district court); *State v. Alberico*, 116 N.M. 156, 164, 861 P.2d 192, 200 (1993) (discussing that it is well-established that the fact finder is not required to accept expert opinions as conclusive and disregard all other evidence bearing on the issue); *State v. Casteneda*, 97 N.M. 670, 678, 642 P.2d 1129, 1137 (Ct. App. 1982) (stating that it is the role of the fact finder to resolve any conflicts in the evidence and to determine the credibility and weight to afford the evidence).

Accordingly, we affirm the district court on this issue.

**B.     Whether Defendant Was Entitled to a Separate Jury Hearing for the Competency Hearing**

As we discussed in the calendar notice, NMSA 1978, Section 31-9-1.3(A) (1999) specifically provides that, after entering an order committing a defendant to undergo treatment, the district court shall conduct a hearing, without a jury, in order to determine whether a defendant is competent  to proceed to trial, is making

6

progress under treatment, and remains "dangerous" as provided by the statute. In the memorandum, Defendant argues that Rule 5-602(B)(2)(b) NMRA, however, requires that if the issue of competency arises during trial and no jury has yet decided the issue, the jury shall be instructed on the issue. [MIO 6] We agree with this statement of the meaning of Rule 5-602(B)(2)(b), and a defendant's right to a jury to consider the issue of competency when the issue arises during trial, notwithstanding the language of Section 31-9-1.3(A). The committee commentary of Rule 5-602 specifically states, however, that "[i]f the issue of present competency is raised prior to trial, the trial judge, in his discretion, may without a jury determine whether the defendant is competent to stand trial or may submit the issue to a jury other than a jury which is to determine the guilt or innocence of the defendant." *See also* Rule 5-602(B)(2)(a).

In this case, Defendant's motions to determine Defendant's competency to stand trial were filed before trial. [RP 58, 93] Prior to trial, on January 18, 2008, the district court entered an order committing Defendant to the New Mexico Behavioral Health Institute at Las Vegas for treatment to attain competency to stand trial. [RP 112] Thereafter, on September 5, 2008, the district court held a bench hearing on Defendant's competency, finding Defendant competent to stand trial. [RP 158] After Defendant was determined competent to stand trial,

7

Defendant entered a guilty plea reserving the competency issue for review on appeal. [RP 172] Defendant never proceeded to trial and the competency issue was not raised during trial.

Rule 5-602(B)(2)(a) allows the district court to decide the issue, or in its discretion to submit the issue of competency to a jury other than the trial jury. The district court is not required to submit the issue to a jury. Defendant's motion requesting a jury determine his competency recognizes the applicability of Rule 5-602(B)(2)(a), rather than Rule 5-602(B)(2)(b). [RP 143] In the motion, rather than assert his right to a jury, Defendant requests the district court exercise its discretion to submit the issue to a jury. [Id.]

We affirm the district court decision to deny Defendant's motion to hold his competency hearing before a jury.

**C. Whether the Prejudice of the District Court Judge Against Defendant as a Result of the Nature of the Criminal Charges Against Defendant Prohibited the Court From Finding Defendant Incompetent**

In the docketing statement, Defendant argued that because the district court judge ruled against him on the competency issue, he was prejudiced against him. The calendar notice proposed to affirm on this issue on the basis that alleged personal bias cannot be inferred from an adverse ruling. *See State v. Case,* 100 N.M. 714, 717, 676 P.2d 241, 244 (1984). In addition, as discussed above, the

8

State met its burden of proof and the district court competency decision is supported by substantial evidence, including the testimony of a forensic expert. Further, Defendant did not indicate any particular facts that would support his assertion that the district court judge was prejudiced against Defendant based on the nature of the crimes he was alleged to have committed. *See State v. Hoxsie*, 101 N.M. 7, 10, 677 P.2d 620, 623 (1984) ("An assertion of prejudice is not a showing of prejudice."), *overruled on other grounds, Gallegos v. Citizens Ins. Agency,* 108 N.M. 722, 731, 779 P.2d 99, 108 (1989); *see also State v. Hernandez,* 115 N.M. 6, 20, 846 P.2d 312, 326 (1993) (stating that adverse rulings or enforcement of the rules does not establish judicial bias); *and see State v. Cherryhomes,* 114 N.M. 495, 500, 840 P.2d 1261, 1266 (Ct. App. 1992) (discussing that a party cannot establish bias merely by pointing to the judge's failure to accept his argument). Finally, Defendant did not further address this issue in the memorandum. *State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). Accordingly, we affirm on this issue.

**IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**RODERICK T. KENNEDY, Judge**