This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  **NO. 34,093**

**CORNELIUS RENTERIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Darren M. Kugler, District Judge**

Hector H. Balderas, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}    Defendant Cornelius Renteria appeals from his judgment and sentence entered pursuant to a jury trial at which Defendant was found guilty of (1) attempt to commit first degree murder, (2) aggravated burglary, (3) child abuse, and (4) possession of a firearm by a felon. Unpersuaded by Defendant's docketing statement, we entered a notice of proposed summary disposition, proposing to affirm. Because of what appeared to be a clerical error, we also proposed to remand for the limited purpose of correcting the error in the judgment and sentence. In response to our notice, Defendant has filed a memorandum in opposition, and the State has filed a response, indicating that it agrees with the limited remand for correction of the judgment and sentence. Having considered these submissions, we affirm and remand for the aforementioned correction.

**AMENDMENT OF THE INDICTMENT**

{2}    Defendant continues to assert that the district court erred in granting the State's motion to amend the grand jury indictment to include alternative theories on Counts 1 and 2. [DS 4; MIO 2-4; RP 139] In proposing to reject Defendant's assertion of error in our calendar notice, we relied on *State v. Lucero*, 1998-NMSC-044, ¶¶ 23-25, 126 N.M. 552, 972 P.2d 1143, in which our Supreme Court held that, in amending an indictment, adding an alternative theory of a crime does not add a different offense, and such an amendment is therefore permissible under Rule 5-204 NMRA. In response, Defendant continues to argue, contrary to *Lucero*, that willful and deliberate

2

murder and armed-before-entry aggravated burglary are both different offenses from those charged in the original indictment. [MIO 3] Defendant asserts that *Lucero* "cannot be squared with" our Supreme Court's decision in *State v. Trivitt*, 1976-NMSC-004, 89 N.M. 162, 548 P.2d 442, and that *Lucero* "cannot be extended to the present case without violating basic constitutional principles." [MIO3-4] We are not persuaded.

{3}     In *Trivitt*, 1976-NMSC-004, ¶¶ 25-29, our Supreme Court concluded that instructing the jury that it could convict on willful and deliberate murder even though the defendant was only indicted on felony murder was reversible error. This is because a defendant has the right to notice of the charge(s) against him thereby giving him the opportunity to defend against the charge(s). *See State v. Roman*, 1998-NMCA-132, ¶¶ 13-14, 125 N.M. 688, 964 P.2d 852. *State v. Armijo*, 1977-NMCA-070, ¶¶ 17-19, 90 N.M. 614, 566 P.2d 1152, illustrates the point. In that case, the indictment, which initially charged the defendant with criminal sexual penetration by engaging in anal intercourse while armed with a deadly weapon, was amended *after the evidence was concluded* to add two other ways of committing criminal sexual penetration. This Court reversed the defendant's conviction, holding that amendment of the indictment in this way after the evidence was concluded was reversible error because, even though there was "no change in the offense charged," the defendant was prejudiced

since he had no reason to know that he needed to defend against the alternate ways of committing criminal sexual penetration at trial. *Id.* ¶¶ 22-25.

{4}     *Armijo*, then, supports our proposed disposition in three respects. First, it reinforces the holding in *Lucero* that amending an indictment to include alternative ways of committing the same offense does not mean that the defendant is being charged with an "additional or different offense" for purposes of Rule 5-204. Second, it reinforces the conclusion we reached in our proposed disposition that Defendant was not prejudiced by the amendment because he was apprised that the State would seek to convict him on the alternative theories *prior to trial*, not after the conclusion of evidence, as was the case in *Armijo*. *See Lucero*, 1998-NMSC-044 ¶ 25 ("Substantial rights of [the d]efendant were not prejudiced by the addition of [alternative theory of the offense. The d]efendant was placed on notice of the . . . charge, and was thus not prejudiced by the amendment."). Lastly, it provides the basis for distinguishing *Trivitt*; the problem in that case was similar to situation in *Armijo*. The defendant had no notice that he needed to defend against willful and deliberate murder at trial because he was only indicted on felony murder. *Trvitt*, 1976-NMSC-004, ¶¶ 25-26. Hence, instructing the jury that it could find the defendant guilty under the alternative theory of willful and deliberate murder constituted reversible error. *Id.* ¶¶ 27-29. As we already explained above, the defendant in this case knew *before trial*

that the State would seek to convict him on the alternate theories. Therefore, this case is not "on all fours with *Trivitt*" as Defendant contends. [MIO 4]

{5}     Moreover, to the extent that Defendant relies on *Strione v. United States*, 361 U.S. 212 (1960), [MIO 4] in which the United State Supreme Court held that "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him," we point out that *Trivitt*, 1976-NMSC-004, ¶ 27, relies in part on and is in accord with that case, and for the reasons we stated above in distinguishing *Trivitt* from the present case, we conclude that *Strione* does not support Defendant's argument.

{6}     For the reasons stated above and in our calendar notice, we reject Defendant's assertions of error with respect to the amendment of the indictment to include alternative theories of first degree murder and aggravated burglary.

**FIREARM ENHANCEMENT**

{7}     Defendant asserts that the district court erred in permitting the State to add a firearm enhancement to Count 1, *i.e.*, attempt to commit first degree murder (felony murder or willful and deliberate murder). Our calendar notice proposed to conclude that Defendant received sufficient notice of the State's intent to seek the firearm enhancement. In response, Defendant does not specifically address this issue, and instead combines his argument relative to this issue with that addressing the amendment of the indictment. [MIO 4] Defendant has not pointed to any error in fact

5

or law that convinces this Court that our calendar notice was incorrect, *see Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."), and therefore for the reasons set forth in the notice and above, we reject Defendant's argument relative to the firearm enhancement.

**CHILD ABUSE CONVICTION**

{8}     In his docketing statement, Defendant asserted that the district court erred when it sentenced him for second degree intentional child abuse when he had been indicted on third degree negligent child abuse. [DS 4] In our calendar notice, we proposed to conclude that Defendant was tried for, convicted of, and sentenced consistent with negligent child abuse, *i.e.*, the charge he was indicted on, [RP 90, 125] but it appeared that the district court made a clerical error in the judgment and sentence by listing the offense as "Child Abuse - Intentional (No Death or Great Bodily Harm)." [RP 151] Accordingly, we proposed to remand for the limited purpose of correcting the judgment and sentence to accurately reflect Defendant's conviction for negligent child abuse. In his memorandum in opposition, Defendant changed his argument relative to this issue, claiming that he was "improperly sentenced for second-degree child abuse because the jury did not make a finding that it was [his] second or subsequent offense." [MIO 5] This is a different argument from that articulated in his docketing

6

statement, and we therefore construe it as a motion to amend the docketing statement. Because Defendant's memorandum in opposition does not respond to the proposed disposition with respect to the issue that Defendant originally articulated, we deem the issue abandoned and therefore reject Defendant's assertion for the reasons set forth in our notice. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{9}** Relative to the new issue that Defendant has raised, we point out, as did Defendant, [MIO5-6] that this Court has already rejected the argument that the State has the burden to prove existence of a prior conviction to a jury beyond a reasonable doubt. *State v. Villegas*, 2009-NMCA-023, ¶ 1, 145 N.M. 592, 203 P.3d 123. We point out, as we did in *Villegas*, that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), specifically "carves out a prior conviction exception to sentence-enhancing facts that must be decided by a jury." *Villegas*, 2009-NMCA-023, ¶ 3; *Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Therefore, Defendant's reliance on *Apprendi* and *State v. Frawley*, 2007-NMSC-057, 143 N.M. 7, 172 P.3d 144, which relied heavily on *Apprendi* and its progeny, is misplaced. In considering the foregoing, we

7

conclude that Defendant has not presented a viable issue in his motion to amend, and we therefore deny his motion. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (stating that if counsel had properly briefed the issue, "we would deny defendant's motion to amend because we find the issue he seeks to raise to be so without merit as not to be viable").

{10}    For reasons set forth in our notice and in this Opinion, the district court is affirmed and Defendant's motion to amend is denied. Additionally, we remand to the district court for the sole purpose of correcting the clerical error in the judgment and sentence as described in this Court's calendar notice.

{11}    **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**M. MONICA ZAMORA, Judge**