This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v. **NO. 35,586**

**ROLANDO GONZALES,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Defendant appeals from the district court's judgment and sentence, entered pursuant to a jury trial, convicting Defendant for aggravated driving while intoxicated (DWI) (fourth offense). Unpersuaded that Defendant's docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition and a motion to amend the docketing statement. We deny Defendant's motion to amend because it is not viable. Defendant has not otherwise established error. We therefore affirm.

{2}    On appeal, Defendant has argued that his right to a speedy trial was violated. [MIO unnumbered 4-5] Our notice contained a comprehensive speedy trial analysis of the *Barker* factors, despite the lack of information or analysis provided by the docketing statement, and we even indulged in presumptions that could favor Defendant. We do not reiterate that proposed analysis here and discuss in detail only those arguments raised in response to our notice.

{3}    Defendant's memorandum in opposition again fails to supply this Court with facts or an analysis under the *Barker* factors, despite our admonition regarding the consequences of such deficiencies. Rather, Defendant contends that he demonstrated prejudice by the grave restrictions placed on his liberties while he was out of custody on bond. [MIO unnumbered 5] This is not the particularized showing of prejudice that our notice explained is required where the first three factors do not weigh heavily in

the defendant's favor. *See State v. Garza*, 2009-NMSC-038, ¶ 40, 146 N.M. 499, 212 P.3d 387; *see also State v. Gallegos*, 2016-NMCA-076, ¶¶ 33-34, ___ P.3d ___ (holding that where there was fourteen months and three weeks of negligent and administrative delay—only exceeding the presumptively prejudicial period by a few months—the defendant's failure to make a particularized showing of prejudice did not support a speedy trial violation), *cert. denied*, 2016-NMCERT-008, ___ P.3d ___. For the reasons stated in our notice and above, we hold that Defendant has not established a speedy trial violation.

**Motion to Amend**

{4}    Defendant seeks to amend his docketing statement to add an unpreserved issue: the district court violated Defendant's right to jury trial under the Federal and State Constitutions by imposing an enhanced sentence for his prior DWI convictions based on facts not found by a jury. [MIO unnumbered 1, 3, 6-11]

{5}    In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100

3

N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 42-45, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{6}     We deny Defendant's motion to amend because it is not viable. Defendant has not demonstrated why he believes our state's DWI self-enhancing sentencing scheme requires findings beyond the existence of prior DWI convictions for purposes of his argument that the statute falls outside the exception for prior convictions stated in *Apprendi v. New Jersey*, 530 U.S. 466, 488, 490 (2000), and we are not persuaded that the statute requires findings that fall outside of that exception to the Sixth Amendment right to a jury trial. As Defendant acknowledges, we have rejected the precise argument he raises in his motion to amend in our decision in *State v. Sandoval*, 2004-NMCA-046, ¶¶ 3, 5, 7, 135 N.M. 420, 89 P.3d 92. [MIO unnumbered 9, 12-13] *See State v. Villegas*, 2009-NMCA-023, ¶¶ 4-5, 145 N.M. 592, 203 P.3d 123 (rejecting the defendant's argument that *Apprendi* and its progeny requires that all facts essential to sentence enhancement be found by a jury, despite the recognition in *Apprendi* of a prior conviction exception, and observing that we rejected this argument specifically in the DWI context). Defendant's arguments do not persuade us that

4

*Apprendi* jurisprudence has rendered a reliance on *Sandoval* or *Villegas* fundamental error.

{7} Defendant also seems to argue that the language of the New Mexico Constitution offers greater protection and that the prior conviction exception has always violated the right to a jury trial. [MIO unnumbered 9-10] Defendant does not refer this Court to, nor have we located, any case in which the district court's failure to sua sponte establish a state constitutional protection that had not yet been recognized was deemed fundamental error. Further, Defendant does not persuade us that our reasoning in *Sandoval* or *Villegas* or our other similarly decided cases are so fundamentally flawed and unfair as to undermine the integrity of the judicial system. *See State v. Barber*, 2004-NMSC-019, ¶¶ 17-18, 135 N.M. 621, 92 P.3d 633 (defining structural fundamental error as a mistake in the process that worked "a fundamental unfairness within the system that would undermine judicial integrity if left unchecked").

{8} For the reasons stated in the notice and this opinion, we affirm the district court's judgment and sentence and deny the motion to amend the docketing statement.

{9} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**