This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 35,748**

**ADAM TAPIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge Pro Tem**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Defendant appeals from the district court's order revoking his probation and sentencing him as a habitual offender to eight years imprisonment. Unpersuaded that Defendant's docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition and a motion to amend the docketing statement. We deny Defendant's motion to amend because it is not viable. Defendant has not otherwise established error. We therefore affirm.

{2}    On appeal, Defendant challenges the sufficiency of the evidence both to support the revocation of his probation and to establish that he had four prior felony convictions for purposes of habitual offender enhancement. We do not reiterate the full proposed analysis contained in our notice and respond only to those arguments pursued in the memorandum in opposition.

{3}    Defendant continues to attack the State's evidence of the probation violations without supplying this Court with any description of the evidence presented, despite our admonition about the consequences for such a deficiency. [MIO unnumbered 6-7; CN 2] We, therefore, assume that our notice accurately described the evidence presented by the State and hold that it was sufficient to support the revocation of Defendant's probation for the reasons stated in the notice. To the extent that Defendant contends that one of the bases for revocation was based on the same evidence used as the basis for another violation or was otherwise insufficient, the

result will not change because there was sufficient evidence that Defendant was arrested for felony drug possession and that he failed to report it. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 ("[A]lthough Defendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper.").

{4} Defendant also continues to argue that insufficient evidence was presented that Defendant had four prior felony convictions, and again he has failed to supply this Court with a description of the evidence the State presented to prove the prior felony convictions, despite our admonition of the consequences. [MIO unnumbered 8-9] As we stated in our notice, the district court relied on identifiers in certified documents and the booking photos attached to the certified documents in the corresponding cases. [DS 3; CN 4-5] In the absence of any information from Defendant to the contrary, we now assume that there were sufficient accurate and consistent identifiers in the certified documents presented to the district court, and hold that the absence of fingerprint evidence or witness testimony is immaterial. *Cf. State v. Clements*, 2009-NMCA-085, ¶ 20, 146 N.M. 745, 215 P.3d 54 (holding that the absence of fingerprint evidence or witness testimony was significant only because the judgments upon which the State relied did not reflect exactly the same name, and contained no other identifying information such as birth date). We therefore reject Defendant's challenge

to the sufficiency of the evidence presented to support the enhancement of Defendant's sentence based on four prior felony convictions.

**Motion to Amend**

**{5}**     Defendant seeks to amend his docketing statement to add an unpreserved issue: the district court violated Defendant's right to jury trial under the Federal and State Constitutions by imposing an enhanced sentence for the prior felony convictions based on facts not found by a jury. [MIO unnumbered 1-3, 9-13]

**{6}**     In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 42-45, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{7}**     We deny Defendant's motion to amend because it is not viable. Defendant has not demonstrated why he believes our state habitual offender statute requires findings

4

beyond the existence of prior felony convictions for purposes of his argument that the statute falls outside the exception for prior convictions stated in *Apprendi v. New Jersey*, 530 U.S. 466, 488, 490 (2000), and we are not persuaded that the statute requires findings that fall outside of that exception to the Sixth Amendment right to a jury trial. As Defendant acknowledges, we have rejected the precise argument he raises in his motion to amend in *State v. Sandoval*, 2004-NMCA-046, ¶¶ 3, 5, 7, 135 N.M. 420, 89 P.3d 92. [MIO unnumbered 9, 12-13] Defendant's arguments do not persuade us that *Apprendi* jurisprudence has rendered a reliance on *Sandoval* fundamental error.

{8}     Defendant also seems to argue that the language of our state constitution offers greater protection and that the prior conviction exception has always violated the right to a jury trial. [MIO unnumbered 11-13] Defendant does not refer this Court to, nor have we located, any case in which the district court's failure to sua sponte establish a state constitutional protection that had not yet been recognized was deemed fundamental error. Further, Defendant does not persuade us that our reasoning in *Sandoval* and our other similarly decided cases are so fundamentally flawed and unfair as to undermine the integrity of the judicial system. *See State v. Barber*, 2004-NMSC-019, ¶¶ 17-18, 135 N.M. 621, 92 P.3d 633 (defining structural fundamental error as a mistake in the process that worked "a fundamental unfairness within the system that would undermine judicial integrity if left unchecked").

5

{9}    For the reasons stated in the notice and this opinion, we affirm the revocation of Defendant's probation and deny the motion to amend the docketing statement.

{10}    **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**TIMOTHY L. GARCIA, Judge**